[Civ. No. 9268. Second Appellate District, Division Two.—February 15, 1935.]

CASPER HERT et al., Respondents, v. FIRESTONE TIRE & RUBBER COMPANY OF CALIFORNIA (a Corporation) et al., Defendants; H. L. HOFFMAN, Appellant.

W. I. Gilbert for Appellant.

E. B. Drake for Respondents.

SCOTT, J., *pro tem.*—Plaintiffs, husband and wife, recovered judgment for damages resulting from a collision between their sedan driven by the husband and another sedan operated by defendant Hoffman. The latter was following plaintiff's car, somewhat to its left, and on undertaking to pass it to the left collided with it. Plaintiffs contended that defendant swung his car to the right in front of them, and defendant claimed plaintiffs caused the accident by swerving to the left. ▌ Appellant concedes that "the evidence was sufficient to support a verdict by the jury in favor of either party", but contends that certain of the court's instructions must have misled them.

The jury were given the substance of section 130 of the California Vehicle Act regarding the duty of a driver to exercise care when making a turn. The court also read section 113 of said act, requiring prudent speed and due regard for conditions when driving, and told the jury that violation of that section was negligence as a matter of law. The instructions were further given that the accident was not unavoidable if they found defendant was guilty of negligence proximately contributing to it, and that they could not assume by the mere happening of the accident that either party had been negligent. The following language was also used: "You are instructed that a person damaged through the negligence of another is entitled to recover such an amount of money or damages as will compensate for all the detriment proximately caused thereby whether it could have been anticipated or not."

We have read the court's entire charge. The instructions given correctly stated the law applicable to the case, and there is nothing to indicate that the jury could have been or were in fact misled or confused as to the legal principles involved, or that they misapplied them to the facts.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.